IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR HAKIM MCCAIN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-1187 |
| | : | |
| SUSAN E. SCHWAB | : | |
| *Chief Magistrate Judge*, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                               **December 10, 2019**

Plaintiff Amir Hakim McCain brings this action against Defendants United States Chief Magistrate Judge Susan Schwab, United States District Judge Sylvia Rambo, Deputy Attorney General Lindsey Bedell, and other individuals employed by the Pennsylvania Department of Corrections (DOC). McCain seeks compensatory damages for constitutional violations arising from a correctional officer's sexual assault of McCain and the resulting lawsuit. *See McCain v. Wetzel*, No. 12-789 (M.D. Pa. filed Apr. 27, 2012). After denying McCain's application to proceed in forma pauperis and McCain's failure to pay the $400 filing fee to proceed in this case, the Court dismissed the case without prejudice for failure to prosecute. Later, McCain paid the $400 filing fee and filed a "Motion to Reopen Case" and a "Motion of Time Limit for Service." In these motions, McCain asks the Court to reopen his case and direct the United States Marshals to serve Defendants with McCain's complaints. After screening McCain's complaint and three amended complaints, the Court will grant in part and deny in part McCain's motions. The Court will reopen McCain's case and allow McCain's claims to proceed as against Defendants Kim Smith, Jeff Case, and Erin Ireland. The Court will dismiss McCain's claims against Judge Schwab, Judge Rambo, and Lindsay Bedell with prejudice, and dismiss McCain's claims against Lisa Reeher without prejudice. After McCain's leave to amend his complaint as to Reeher, the Court will direct the U.S. Marshals Service to serve McCain's complaints on the remaining Defendants.

**BACKGROUND**

McCain, an inmate at State Correctional Institute (SCI) – Forest,[1] has filed four complaints in this action. In the first complaint, filed on June 11, 2018, McCain named Chief Magistrate Judge Susan E. Schwab, Deputy Attorney General Lindsey Bedell, and Medical Administrator at SCI–Forest Kim Smith. McCain's allegations in the complaint arise from the pre-trial proceedings in McCain's civil suit in which he alleged a correctional officer, Thomas Roegner, sexually assaulted McCain while he was incarcerated at SCI–Waymart.

Judge Schwab presided over the pre-trial matters for McCain's civil suit. During a telephone conference on April 23, 2015, Judge Schwab ordered the DOC to produce McCain's mental health medical records for in-camera inspection. On a later telephone conference, McCain informed Judge Schwab that Bedell "manipulated" the order to obtain his medical records without his consent. Compl. 5. McCain alleges Bedell sent a letter under false pretenses, bearing the name of former Attorney General Kathleen Kane, to SCI–Forest to obtain McCain's medical records. McCain alleges Judge Schwab admitted she gave Bedell permission to do so.

McCain alleges Judge Schwab was biased during his civil suit and engaged in ex parte communications with Bedell. Due to these ex parte communications, McCain alleges Judge Schwab violated his Eighth Amendment and Fourteenth Amendment rights. McCain alleges Smith, a medical administrator at SCI-Forest, engaged in the same constitutional violations for her role in sending his medical records to Bedell, without his permission or a court order, which deviated from DOC policy.

---

[1] Although McCain's last filings with the Court stated he was still incarcerated at SCI–Forest, Pennsylvania's Inmate Locator does not show McCain as currently incarcerated.

In McCain's first amended complaint, filed December 27, 2018, McCain added Defendant United States District Judge Sylvia Rambo. McCain alleged Eighth Amendment and Fifth Amendment violations against Judge Rambo due to her ex parte communications with Bedell in the civil suit against Roegner. The ex parte communications included Judge Rambo sending McCain's witness list to Bedell prior to trial. McCain alleges these ex parte communications demonstrate Judge Rambo's bias in the case.

McCain filed a second amended complaint on February 4, 2019, in which he added Defendants Lisa Reeher, a grievance coordinator at SCI–Forest, and Jeff Case, an employee in the psychology department at SCI–Forest. Against Reeher, McCain alleges she violated his First Amendment rights by opening and reading his legal mail. McCain also alleges Case, sexually assaulted him from April 2014 to May 2018. Case allegedly bribed McCain into continuing with the sexual assaults in exchange for his favorable testimony in his civil case before Judge Rambo.

Further against Case, McCain also alleges constitutional violations arising from an incident in which correctional officers paid McCain's cellmate to stab him to prevent him from litigating the pending civil case.[2] After the stabbing, McCain filed a motion for relocation with Judge Rambo, who ultimately denied the motion.

In McCain's third amended complaint, filed March 5, 2019, he added Defendant Erin Ireland, a former Prison Rape Elimination Act (PREA) coordinator. McCain reported Case's sexual assaults to Ireland several times. Ireland informed McCain that she would investigate the matter personally. Ultimately, Ireland never notified McCain of the outcome of her investigation. McCain was then informed by another PREA employee that Ireland never filed a report regarding

---

[2] McCain makes these allegations as to Case, but it is unclear whether and how he was involved in the stabbing.

Case's sexual assaults. McCain alleges Ireland placed him at a substantial risk of sexual assault and attempted to cover up Case's misconduct. As a result, McCain alleges Ireland's failure to report the assaults violated his Eighth Amendment rights.

When McCain filed his original complaint on June 11, 2018, he sought to proceed in forma pauperis. The Court denied McCain's application pursuant to the "three strikes" rule. *See* Order, Oct. 4, 2018, ECF No. 9; 28 U.S.C. § 1915(g) (stating a prisoner who, on three or more occasions, files a civil action that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status). The Court informed McCain he needed to pay the $400 filing fee to proceed with the case. Despite the Court's Order, McCain filed the first amended complaint on December 27, 2018, and did not pay the filing fee. Because McCain did not pay the fee, the Court dismissed the case without prejudice for failure to prosecute. *See* Order, Jan. 16, 2019, ECF No. 15.

On January 31, 2019, after the case was dismissed, McCain paid the $400 filing fee and filed the second and third amended complaints on February 4 and March 5, 2019. On March 19, 2019, McCain moved to reopen his case. On May 28, 2019, McCain also moved to have the United States Marshals Service serve the summonses and complaints on Defendants.[3] The Court now addresses these two motions.

**DISCUSSION**

The Court has already dismissed McCain's case and it is unclear whether McCain's motions are meant as motions for reconsideration of the Court's January 16, 2019, Order now that he has paid the $400 filing fee. *See Mahanandigari v. Tata Consultancy Servs.*, No. 16-8746, 2018

---

[3] McCain also moved for a preliminary injunction and temporary restraining order, which the Court denied on April 30, 2019. *See* Order, Apr. 30, 2019, ECF No. 24.

WL 378122, at *3 (D.N.J. Jan. 11, 2018) (construing motion to reopen case as motion for reconsideration of order disposing of case). Because the Court's dismissal was based solely on McCain's failure to remit the $400 filing fee, and he has now paid the fee, the Court will reopen the case. Nevertheless, in these motions, McCain requests to have his complaints docketed and served. The Court will thus consider whether McCain's complaints comply with the Prison Litigation Reform Act (PLRA) before reopening the case and determining whether service by the United States Marshals is necessary.

Section 1915A of the PLRA requires the Court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

"Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *See McFadden v. City of Phila.*, No. 18-1320, 2018 WL 2370695, at *4 (E.D. Pa. May 23, 2018) (citations omitted). Pursuant to Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Because McCain proceeds pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). To date, McCain has filed four pleadings with this Court. The Court will thus screen all four pleadings jointly. *See Almendarez v. Lottery*, No. 17-

587, 2017 WL 3190646, at *1 (M.D. Pa. July 27, 2017) (reviewing three amended complaints jointly during § 1915A screening).

At the outset, McCain's claims against Judge Schwab and Judge Rambo are barred by absolute judicial immunity. McCain named the Judges based on their conduct and decisions in presiding over his civil case. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Thus, the Court must dismiss McCain's claims against Judge Schwab and Judge Rambo with prejudice because the claims are based on acts taken in their judicial capacity in presiding over McCain's civil case.

Second, McCain's claims against Bedell are barred by sovereign immunity. Based on the complaints, McCain's allegations are based on Bedell's conduct in defending against McCain's civil suit. Her alleged conduct, even in retrieving his medical records related to the civil suit, was taken in her official capacity. By acting in her official capacity, Bedell is entitled to the same immunities as the Commonwealth. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating immunities available to a defendant in his or her official capacity are those the governmental entity possesses); *Lavia v. Pa. Dep't of Corrs.*, 224 F.3d 190, 195 (3d Cir. 2000) (stating department that is part of the Commonwealth shares in Eleventh Amendment immunity). As a result, McCain's claims against Bedell fail because she is entitled to sovereign immunity, which deprives the Court of subject matter jurisdiction. *See Addlespurger v. Corbett*, 461 F. App'x 82, 86 (3d Cir. 2012) ("Any official capacity claim fails because the Pennsylvania Office of the Attorney General . . . share[s]

in the immunity conferred to the States by the Eleventh Amendment."). In sum, McCain's claims against Bedell will be dismissed with prejudice.[4]

Turning to Reeher, McCain's claims against her fail to state a claim upon which relief can be granted. McCain's claims are premised on his First Amendment right to use of the mail system. Under the First Amendment, "[a] state *pattern or practice* . . . of opening legal mail outside the presence of the addressee inmate interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) (emphasis added). A First Amendment claim for interference with legal mail must allege a pattern or practice. *See id.*; *Jefferson v. Doll*, No. 18-1625, 2018 WL 4002966, at *4 (M.D. Pa. Aug. 22, 2018) ("[A] prisoner must allege that the interference with his legal mail was done according to a pattern and practice." (internal citations and quotation marks omitted)). Allegations of few or isolated incidents of opening legal mail outside of an inmate's presence are insufficient to allege a First Amendment violation. *See Nixon v. Sec'y Pa. Dep't of Corrs.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that [plaintiff's] claim alleging a single, isolated interference with his personal mail was insufficient to constitute a First Amendment violation." (internal citations omitted)); *Jefferson*, 2018 WL 4002966, at *5 (citing cases).

In the second amended complaint, McCain alleges a single incident of which Reeher gave him his legal mail and it was "unsealed." Second Am. Compl. 5. Specifically, McCain alleges that

---

[4] To the extent McCain asserts an Eighth Amendment claim against Bedell regarding the incident when his cellmate stabbed him, this claim also fails because he has not alleged any facts to show she was personally involved in this incident. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (stating a defendant in a § 1983 claim "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The allegations merely state McCain's cellmate stabbed him "on behalf" of Bedell. *See* Second Am. Compl. 7. This statement is insufficient to allege Bedell's personal involvement.

7

on September 17, 2018, Reeher received McCain's legal mail containing sensitive exhibits and "read and made copies" of the mail. *Id.* Two days later, on September 19, 2018, when Reeher gave McCain the mail, the manila envelope was unsealed and the documents had been previously taken out. Because McCain's allegations set forth a single incident in which his legal mail was opened outside of his presence, he has failed to allege a pattern or practice as required to state a First Amendment violation. *See Jones*, 461 F.3d at 359. Therefore, the Court will dismiss McCain's First Amendment claim against Reeher without prejudice. *See Jefferson*, 2018 WL 4002966, at *4 (dismissing plaintiff's claim where it set forth one, isolated event in which his legal mail was opened outside of his presence). The Court will grant McCain leave to file an amended complaint as against Reeher to correct the pleading deficiencies. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

As for Smith, McCain has sufficiently stated a claim against her for a violation of his Fourteenth Amendment right to privacy. Although McCain asserts Smith violated his Eighth Amendment rights by disclosing medical records to Bedell without permission or a court order, the Court construes his claim as a violation of his Fourteenth Amendment right to privacy in his medical information. *See Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) (recognizing inmates have Fourteenth Amendment right to privacy in medical information). Although the Third Circuit recognizes an inmate's right to privacy in medical information, that "right may be curtailed by a policy or regulation that is shown to be reasonably related to legitimate penological interests." *Id.* at 317. An individual's interest in privacy of medical information is balanced against societal interest in disclosure of the medical information. *See Faison v. Parker*, 823 F. Supp. 1198, 1201 (E.D. Pa. 1993).

In this case, McCain alleges Smith disclosed his medical information and records to Bedell without his permission or a court order. According to Judge Schwab's order compelling discovery, she directed the DOC to produce McCain's mental health medical records for in-camera inspection which were required to be dropped off at the clerk's office or mailed directly to her chambers. *See McCain v. Schwab*, No. 12-789, Apr. 23, 2015, ECF No. 252. Smith's disclosure of those medical records to someone outside of the court order and without McCain's permission, therefore provides a sufficient basis for McCain's right to privacy claim. Although Smith may assert a legitimate penological interest in the disclosure, at this stage, liberally construing McCain's allegations, this claim survives screening. As a result, the Court will reopen the case to allow McCain's claim against Smith to proceed.[5]

Turning to Case, McCain has sufficiently alleged Case violated his Eighth Amendment right. McCain's allegations regarding Case include several instances in which Case sexually assaulted McCain and asked McCain to engage in a sexual and intimate relationship with him. Sexual abuse of inmates by prison officials violates the Eighth Amendment right to be free from cruel and unusual punishments while in custody. *See Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) (recognizing "prison sexual abuse can violate the Constitution"). There is no constitutional floor of a specified number of incidents necessary to allege a constitutional violation based on sexual assault, and the inquiry is fact-specific. *See id.*

---

[5] To the extent McCain asserts an Eighth Amendment claim against Smith regarding the incident when his cellmate stabbed him, this claim fails because he has not alleged any facts to show Smith was personally involved in this incident. *See Rode*, 845 F.2d at 1207 (stating a defendant in a § 1983 claim "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The allegations merely state McCain's cellmate stabbed him "on behalf" of Smith. *See* Third Am. Compl. 8. This statement is insufficient to allege Smith's personal involvement.

To allege an Eighth Amendment sexual abuse claim, there is both an objective and subjective prong. *See id.* at 474. As to the objective prong, the plaintiff must establish an objectively serious sexual contact. *See id.* at 478. "[A] pattern of harassment and sexualized touching may . . . clearly be considered objectively cruel and unusual" such that it violates the Eighth Amendment. *Id.* at 477. For the subjective prong, the official must have acted with a culpable state of mind—either without a legitimate penological purpose or with malice for the purpose of causing harm. *See id.* at 475.

McCain alleges Case sexually assaulted McCain from April 2014 until May 2018. The sexual assaults included Case performing oral sex on McCain in exchange for Case's favorable testimony in McCain's civil case. McCain also asserts Case is under criminal investigation for the alleged sexual assaults of McCain. Based on these allegations, the complaint alleges a pattern of sexual assaults over a nearly four-year period. This pattern is sufficient to allege the objective prong of McCain's claim. *See id.* at 478 ("[O]bjectively serious sexual contact would include . . . coerced sexual activity . . . and exchanges of sexual activity for special treatment or to avoid discipline.").

Considering McCain alleged the sexual assaults were required for Case to testify for McCain's civil case, the allegations do not support any legitimate penological purpose for the assaults. Without a legitimate purpose, McCain has also sufficiently alleged the subjective prong of his claim. *See id.* ("The nature of the violative conduct itself will often be enough to demonstrate the prison official's culpable state of mind."). Therefore, McCain has sufficiently alleged a claim against Case for violating his Eighth Amendment right and the Court will reopen the case to allow this claim to proceed.

McCain's final claim, alleged against Ireland, will proceed because he has sufficiently alleged an Eighth Amendment failure-to-intervene claim. McCain's claim against Ireland is based on her failure to report or investigate the alleged sexual assaults of Case after McCain disclosed and reported Case's misconduct and behavior to her.

"An officer's failure to stop an ongoing constitutional violation violates the Eighth Amendment when he had reasonable opportunity to intervene and simply refused to do so." *See id.* at 479 (citing *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002)). Here, McCain alleges he personally reported and informed Ireland of the alleged abuse by Case in 2015. Ireland thus, as a PREA coordinator, knew of the alleged abuse and had ample opportunity to intervene in the abuse which continued until 2018. *See Smith*, 293 F.3d at 651 (stating liability for failure to intervene exists if abuse was within an official's knowledge and had time to reach offending officer). McCain also alleges another PREA coordinator informed him that Ireland made no report and conducted no investigation of the sexual assaults. This allegation establishes that despite Ireland's opportunity, she simply refused to intervene. *See Ricks*, 891 F.3d at 479 ("[L]iability will only attach if the opportunity to intervene is realistic and reasonable." (internal citations and quotation marks omitted)). McCain has sufficiently alleged an Eighth Amendment failure-to-intervene claim against Ireland and the Court will reopen the case to allow this claim to proceed.

The Court having screened McCain's claims and allowed the claims against Smith, Case, and Ireland to proceed, the Court must now address McCain's "Motion of Time Limit for Service," and determine whether to direct the United States Marshals to serve Smith, Case, and Ireland. McCain brings this motion pursuant to Federal Rule of Civil Procedure 4(m) which requires the Court, in the event service has not been completed within 90 days after a complaint is filed, to dismiss the action or order that service be made within a specified period of time. Nonetheless,

because McCain's complaints were never docketed and summonses were never issued due to his failure to pay the filing fee, the complaints could not be served and Rule 4(m) therefore does not apply in this circumstance. Now that the Court will docket McCain's complaints and the claims against Smith, Case, and Ireland, the Court interprets McCain's motion as a request to have the United States Marshals serve the complaints.

Under Federal Rule of Civil Procedure 4(c)(3), a court may exercise its discretion and order service by the Marshals at the plaintiff's request, even if the plaintiff does not proceed in forma pauperis. *See Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011); *Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008). Despite his contentions otherwise, McCain is not entitled to service by the Marshals because he does not proceed in forma pauperis. *See* Fed. R. Civ. P. 4(c)(3). The Court will nonetheless exercise its discretion and direct the Marshals to serve process upon the remaining Defendants because McCain has paid the $400 filing fee, proceeds pro se, and has sufficiently alleged three claims in his complaints.

**CONCLUSION**

In sum, after screening McCain's complaints, McCain has sufficiently stated three claims: (1) a Fourteenth Amendment right to privacy claim against Kim Smith, (2) an Eighth Amendment claim against Jeff Case, and (3) an Eighth Amendment failure-to-intervene claim against Erin Ireland. Accordingly, the Court will reopen McCain's case to allow these three claims to proceed. The Court will direct the United States Marshals to serve McCain's complaints after McCain files an amended complaint addressing any deficiencies discussed in this Memorandum as to Defendant Lisa Reeher.

An appropriate Order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, J.