IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIR HAKIM MCCAIN | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 18-1187 |
| KIM SMITH, JEFF CASE and | : |
| ERIN IRELAND | : |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**  November 8, 2021

In his Fourth Amended Complaint, Plaintiff Amir Hakim McCain re-asserts various constitutional claims against Defendants Jeff Case, Kim Smith, and Erin Ireland pursuant to 42 U.S.C. § 1983. In the Memorandum dated December 10, 2019 addressing McCain's motions to reopen the case and allow service and following the screening pursuant to the Prison Litigation Reform Act, this Court previously determined McCain had sufficiently pled facts to plausibly allege causes of action against Case, Smith and Ireland under the Eighth and Fourteenth Amendments. However, the Court found McCain's Third Amended Complaint failed to state a claim against Lisa Reeher under the First Amendment for invasion of privacy for opening and reading his legal mail. The Court granted McCain leave to file an Amended Complaint as to Reeher by January 10, 2020. The Court also dismissed McCain's claims against U.S. Magistrate Judge Susan Schwab and U.S. District Court Judge Sylvia Rambo as they have judicial immunity and against Deputy General Lindsey Bedell as she has sovereign immunity.

McCain filed his Fourth Amended Complaint on January 2, 2020. In screening McCain's latest Complaint pursuant to 28 U.S.C. § 1915A, the Court found McCain again failed to allege a pattern or practice on Reeher's part of opening McCain's legal mail outside of his presence as is

required to state a First Amendment claim for interference with legal mail.  *See, Jones v. Brown*, 461 F.3d 353, 358-359 (3d Cir. 2006).  McCain's claim against Reeher was therefore dismissed with prejudice.  The Court also dismissed McCain's First and Eighth Amendment claims against two new defendants (John Sartwell and Gustafson) which arose out of an entirely different incident and set of operative facts than his claims against the other defendants in the same Order, dated December 7, 2020.  The Court then directed the Clerk of Court to issue summonses for Case, Smith and Ireland, and directed McCain to provide completed USM-285 forms to the U.S. Marshals Service for service upon those defendants.

On April 21, 2021, Case, Smith and Ireland filed a motion to dismiss McCain's Fourth Amended Complaint arguing that his claims are barred by the two-year statute of limitations and failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) before commencing this litigation.

**LEGAL STANDARDS**

In ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6), the district courts must accept all factual allegations in the complaint as true and view them, together with all reasonable inferences that can be drawn therefrom, in the light most favorable to the plaintiff.  *Umland v. Planco Fin. Serv.*, 542 F.3d 59, 64 (3d Cir. 2008).  The courts must consider whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face.  *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007).  It is therefore no longer sufficient to allege mere elements of a cause of action; instead, a complaint must allege facts suggestive of the proscribed conduct. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**DISCUSSION**

McCain is an inmate in the Pennsylvania state correctional system who is presently incarcerated at SCI-Somerset. Of the claims which have survived dismissal in his most recent Complaint, McCain alleges he was sexually assaulted on numerous occasions by Defendant Case between April 2014 through May 2018, while he was incarcerated at SCI-Forest. McCain also alleges he reported these sexual contacts to Defendant Ireland each time they occurred. McCain further contends that sometime between April 23, 2015 and January 12, 2017, Defendant Smith disclosed his medical records without his permission to someone not authorized to see them under a court order issued by Judge Schwab on April 23, 2015.

The statute of limitations for a §1983 claim is dictated by the statute of limitations for personal injury actions in the state where the conduct occurred. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, that statute provides for a two-year period. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. C.S. §5524). It is federal law, however, that governs a cause of action's accrual date, and under federal law, a cause of action accrues and the statutory period begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." *Id*. The determination of when a claim accrues is an objective inquiry based not on what the plaintiff actually knew but on what a reasonable person should have known. *Id.* (citing *Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988)).

McCain filed his first Complaint initiating this action on June 11, 2018. To the extent any of his claims against Case, Smith or Ireland are premised on conduct or actions which took place prior to June 11, 2016, those claims are barred under the statute of limitations and are dismissed.[1]

---

[1] McCain continues to proceed pro se and even giving his pleadings a liberal construction, it remains a challenge for the Court to discern precisely what he is alleging and when the purported constitutional violations occurred. *See*, *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)

3

The Defendants next assert dismissal is warranted because McCain failed to satisfy the mandate of the Prison Litigation Reform Act, 42 U.S.C. §1997e (PLRA) and he failed to first exhaust all of the administrative remedies made available to him from the Pennsylvania Department of Corrections before filing suit.  The PLRA provides as follows in relevant part:

> **(a) Applicability of administrative remedies.**  No action shall be brought with respect to prison conditions under … 42 U.S.C. §1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has declared § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences. *Porter v. Nussle*, 534 U.S. 516, 520 (2002).  It "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*, at 532.  Further, § 1997e(a) requires "proper exhaustion," *i.e.*, it "demands compliance with … deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006).  The failure to so comply results in the procedural default of the prisoner's claim. *Spruill v. Gillis*, 372 F.3d 218, 222, 230 (3d Cir. 2004).  The exhaustion requirement is not satisfied where a prisoner files an untimely or otherwise procedurally defective administrative grievance or appeal. *Woodford,* 548 U.S. at 83-84.  And, "the determination whether a prisoner has "properly" exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials. *Spruill*, 372 F.3d at 222.  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to

---

(holding allegations of pro se complaints are held to less stringent standards than those drafted by lawyers).

4

system and claim to claim, but it is the prison system's requirements and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

While failure to exhaust can be a basis for dismissal for failure to state a claim where it appears on the face of the complaint, exhaustion is generally an affirmative defense and thus inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Jones*, 549 U.S. at 212, 216; *Downey v. Pa. Dep't. of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) ("Failure to exhaust is an affirmative defense that the defendant must plead and prove"). However, "[t]here is one exception to the mandatory exhaustion requirement: administrative remedies must be available to the prisoner." *Downey,* 965 F.3d at 305(citing *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). "An administrative remedy is unavailable when it 'operates as a simple dead-end, is so opaque that it becomes, practically speaking, incapable of use, or when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019)); *Hardy v. Shaikh*, 959 F.3d 578, 584 (3d Cir. 2020).

The Pennsylvania DOC's Inmate Grievance System Policy DC-ADM 804,[2] involves a three-step process (initial review, appeal and final appeal) which an inmate must fully complete in order to properly exhaust his administrative remedies under the PLRA. *Oliver v. Wetzel*, 2021 U.S. App. LEXIS 18837, at *13 (3d Cir. June 24, 2021) (citing *Booth v. Churner*, 206 F.3d 289, 292, n.2 (3d Cir. 2000) (outlining process in detail)); *Brown v. Sprenkle*, 827 F. App'x. 229, 230 (3d Cir. Sept. 17, 2020). The first step in the process requires the filing of a grievance with the

---

[2] The policy as currently written has been effective since February 16, 2016. A copy is annexed as Attachment 1 to the Declaration of Lisa Reeher, in Defendants' Brief in Support of Motion to Dismiss Fourth Amended Complaint.

Facility Grievance Coordinator or designee (usually the Superintendent's Assistant) within fifteen working days after an event upon which a claim is based. *Oliver,* at *14; DC-ADM 804, 1-2, ¶ 8. After assigning the grievance a number, the Grievance Coordinator designates a staff member to be the Grievance Officer who shall thereafter provide a response to the inmate either upholding the inmate, denying the grievance or upholding and denying the grievance in part within fifteen days. DC-ADM 804, 1-7, ¶ 5. If dissatisfied with the Grievance Officer's decision, the inmate may file a written appeal to the Facility Manager within fifteen days of the date of that initial review response/rejection. DC-ADM 804, 2-1, ¶ 2A1. The Facility Manager shall review the appeal and issue a response within fifteen days of receipt either upholding the response, upholding the inmate, dismissing or dismissing the appeal as untimely or upholding the grievance in part/denying it in part. DC-ADM 804, 2-2, ¶ 2d. Finally, within fifteen days of the Facility Manager's determination, the inmate may submit the grievance for Final Review to the Secretary's Office of Grievances and Appeals (SOIGA) in Mechanicsburg, PA. DC-ADM 804, 2-4, 2-6. The SOIGA will ultimately issue a determination either upholding the response, upholding the inmate, or upholding in part/denying in part. DC-ADM 804, 2-7. Where, however, the grievance concerns allegations of a sexual nature,

> A grievance regarding an allegation of a sexual nature (abuse/harassment) against a staff member or inmate-on-inmate sexual **abuse**, will not be addressed through the Inmate Grievance System and must be addressed through the Department Policy DC-ADM 008, **in accordance with Subsection C.4.b below**. These allegations are taken seriously by the Department and must and will be investigated to make sure that inmates are safe in the facilities. If a grievance is filed **against a staff member** regarding an allegation of a sexual nature (abuse/harassment) or inmate-on-inmate sexual **abuse,** the grievance will immediately be forwarded to the Security Department as well as the PREA Compliance Manager in accordance with Department Policy DC-ADM 008 to start an investigation and **will not be addressed through the Inmate Grievance System.** (emphasis in original).

In seeking dismissal of McCain's Complaint, Case, Ireland and Smith assert McCain never timely filed a grievance concerning the conduct at issue here. Because he never availed himself of the administrative remedies afforded under the DOC's scheme, the defendants argue the claims he raises against them are procedurally defaulted.

The Fourth Amended Complaint, like those before it, is silent as to whether McCain ever filed any grievances against any of the defendants. However, both parties have submitted evidence on this issue. According to the Declaration of Lisa Reeher[3], the Superintendent's Assistant at SCI-Forest, McCain filed five grievances between April 2016 and April 2018, none of which involved Case. They instead involved McCain's parole, a work assignment, his due process rights with regard to another inmate's pay rate as a worker, his property and his boots. Decl. of L. Reeher. Reeher also attached a copy of McCain's entire grievance history while incarcerated at SCI-Forest from July 2013 until he was transferred to another facility in November 2019, none of which involved a complaint of a sexual nature.[4] McCain did file a grievance alleging he was sexually assaulted by Case on October 29, 2018, some 4 ½ months after he filed the Complaint in this case. McCain also attached to his brief in opposition to this motion to dismiss copies of his October 29, 2018 grievance against Case for sexual assault, copies of Kim Smith's denial of his grievance dated May 29, 2015, relating to his allegations that his medical records were disclosed without his prior authorization and his appeals from that determination, and a copy of his grievance dated March 18, 2019, alleging Ireland "set him up" for Case's continued assaults by not taking action

---

[3] Reeher's declaration is attached to Defendants' Brief in Support of Motion to Dismiss Fourth Amended Complaint.

[4] The entire grievance history is Attachment 2 to Reeher's Declaration.

as required under PREA[5].  Although exhaustion is typically an affirmative defense to be pled in an answer, inasmuch as McCain's own filings clearly demonstrate he did grieve his claim that his medical records were disclosed without his permission in 2015, his claim against Smith for violation of his right to privacy is obviously time-barred and properly dismissed.  Further, because it was incumbent upon McCain to file his grievances against Case and Ireland **before** he commenced suit and only **after** all of his administrative remedies had been exhausted, the filings on October 29, 2018 and March 18, 2019 are insufficient to preserve his claims against those defendants.  The Court therefore will grant the motion to dismiss McCain's claims in their entirety and with prejudice.

An Order follows.

BY THE COURT:

/s/ Juan R. Sanchez

Juan R. Sanchez,            C.J.

---

[5] PREA is the acronym for Prison Rape Elimination Act, 34 U.S.C. 30301, *et. seq.*